SUMMERS, Justice.
Defendant Paul Edward Ware was charged by grand jury indictment with armed robbery. La.Rev.Stat. 14:64. After trial by jury he was found guilty as charged and sentenced to thirty-eight years at hard labor without benefit of probation, parole or suspension of sentence.
The offense involved an armed robbery of a woman clerk at a convenience store in Opelousas, Louisiana. Defendant pulled a gun and pointed it at the clerk and demanded money. Money was handed to him. When defendant was leaving the store taking the woman clerk with him, several deputies from the sheriff’s office arrived. As defendant attempted to escape a shoot-out resulted in which the woman, a deputy sheriff and defendant were wounded. Defendant was subdued and arrested at the scene.
One assignment of error is urged on this appeal. It is based upon statements made by the trial judge at the time of imposing sentence. The alleged error is principally based upon the following statement:
*1162 “Because I suspect that you have some mental illness, I strongly recommend that you be given psychiatric tests and if necessary, [be] treated by the Department of Corrections. I order that not only this sentence but the remarks made herein be transmitted to the Department of Corrections with your other records.”
In truth, the defense argues, the statement of the trial judge was a fact-finding adjudication of defendant’s mental condition. He should not have been compelled to stand trial with such an illness. A proper procedure under these circumstances, according to the defense, would require the trial judge to hold the defendant for further proceedings. This would involve further inquiry into defendant’s mental condition by medical experts. They would either corroborate the findings of the trial judge or determine that defendant’s mental condition was such that he was capable of understanding the proceedings against him prior to and at the time of sentencing.
In a per curiam the trial judge explained that on the basis of a presentence report and conversation with members of the family of the accused, the armed robbery was a radical departure from his former conduct and the life the accused had lived in the past. He had accomplished much in life and was highly regarded in the community. But he presently complained about everything incessantly. He even maintained his innocence despite the fact that he was caught at the scene of the crime and engaged in a shoot-out which was responsible for the shooting of two others besides himself.
These were the facts, according to the per curiam, which prompted the trial judge to observe that the man may need psychiatric help. The trial judge did not say or even suggest that defendant was insane to such an extent that he was unable to understand the proceedings against him or to assist in his defense. These observations were made out of humanitarian considerations and in the hope that they would promote the well-being of the defendant during his incarceration. If he had felt at any stage of the proceedings that the defendant was laboring under any incapacity impairing his understanding or his ability to assist counsel, he, the judge, would have ordered a sanity commission on his own motion.
The per curiam observes further that at no time did defense counsel or the prosecutor question defendant’s mental capacity to stand trial.
In our view the remarks of the trial judge are satisfactorily explained by the per curiam, and no error prejudicial to the accused resulted.
For the reasons assigned, the conviction and sentence are affirmed.